## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 14-60083-MC-ROSENBAUM

SAMUEL D. ROSEN,

      Appellant,

vs.

JOEL L. TABAS, Successor Trustee,

      Appellee.

_____/

### ORDER DENYING EXPEDITED MOTION FOR STAY OF MEDIATION

This matter is before the Court upon Appellant Samuel D. Rosen's Expedited Motion for Stay of Mediation and Abatement of Proceedings Pending Appeal of Court's Order Granting Trustee/Appellee's Request for Mediation [ECF No. 1]. In this Motion, Rosen seeks a stay of the mediation ordered by the Bankruptcy Court pending his appeal of the Bankruptcy Court's Order Granting Trustee's Request for Mediation. *In re The Fort Lauderdale Bridge Club, Inc.*, No. 13-14289, ECF No. 574 (Bankr. S.D. Fla. Dec. 12, 2013).

The Fort Lauderdale Bridge Club ("Debtor") filed a voluntary petition for Chapter 11 bankruptcy on February 26, 2013. *Fort Lauderdale Bridge Club*, No. 13-14289, ECF No. 1 (Bankr. S.D. Fla. Feb. 26, 2013). Rosen asserts that Debtor filed for bankruptcy after the entry of two summary-judgment orders in favor of Rosen and against Debtor in Florida state court. ECF No. 1 at 1. On December 12, 2013, the Honorable Laurel Myerson Isicoff entered an order requiring the approximately thirty interested parties to the bankruptcy proceedings to attend mediation. *Fort Lauderdale Bridge Club*, No. 13-14289, ECF No. 574 (Bankr. S.D. Fla. Dec. 12, 2013). Judge

Isicoff's Order "abate[d] all pending matters, including the service and conduct of discovery, other than those matters directly related to the administration of this case until the Mediation Conference is concluded. If any administrative matters arise during the abatement period, the parties must file a motion for leave to have a hearing on the issue." *Id.* at 3, ¶ 7. Rosen now seeks the stay of mediation pending appeal of the Bankruptcy Court's December 12, 2013, Order.

District courts enjoy jurisdiction over only three types of orders: (1) final orders, as described in 28 U.S.C. § 158(a)(1); (2) interlocutory appeals issued under 11 U.S.C. § 1121(d), as described in 28 U.S.C. § 158(a)(2); and, (3) with leave of the court, other interlocutory orders, as described in 28 U.S.C. § 158(a)(3) and Fed. R. Bankr. Pro. 8001(b). *Tobkin v. Calderin*, No. 12-22692, 2012 WL 3609867, at *1 (S.D. Fla. Aug. 22, 2012). A mediation order is not a final order, and thus its appeal may be taken only by leave and not by right. Though Rosen filed a notice of appeal with regard to the Mediation Order—an interlocutory order—his notice was not accompanied by the required motion for leave to appeal. *Fort Lauderdale Bridge Club, Inc.*, No. 13-14289, ECF No. 594 (Bankr. S.D. Fla. Dec. 15, 2013); *see* Fed. R. Bankr. Pro. 8001(b). In addition, Rosen failed to pay the required filing fee with his notice of appeal of the Mediation Order, and the docket does not show that the fee has since been paid. Rosen has seemingly failed to pay the required filing fee in many if not most of the notices of appeal that he has filed in the underlying bankruptcy case. A district court may dismiss a bankruptcy appeal for failure to pay the required filing fee or submit an application to proceed *in forma pauperis*. *In re Owens*, 458 F. App'x 836, 838 (11th Cir. 2012). The Court lacks jurisdiction over Rosen's appeal, and for this reason alone Rosen's Motion to Stay must be denied.

But even if the Court had jurisdiction over Rosen's appeal, the Order of the Bankruptcy Court

would be affirmed on the merits. A bankruptcy court has the inherent authority to order the assignment of a matter or proceeding to mediation upon the request of any party in interest or the United States Trustee. Bankr. S.D. Fla. R. 9019-2(B)(1). Rosen objects to the mediation, citing Local Rule 9019-2(B), Bankr. S.D. Fla. R., which provides, "[D]iscovery and preparation for trial or final hearing shall not be stayed by mediation." Bankr. S.D. Fla. R. 9019-2(B)(4). Local Rule 9019-2(B), however, does not preclude Judge Isicoff's Order for two independent reasons. First, the Local Rule advises parties only that the mere fact of referral to mediation does not, in and of itself, stay discovery and trial preparation. The Rule does not preclude a judge from ordering a stay. And second, even if it did—which, for the reason previously noted, it does not—Local Rule 1001-1(E) empowers the Bankruptcy Court to "suspend the requirements of any of these rules in appropriate circumstances." Bankr. S.D. Fla. R. 1001-1(E). Rosen has made no showing that Judge Isicoff abused her discretion by issuing the challenged Order.

Instead, he simply characterizes the ordered mediation as a "costly exercise in futility," because he will be responsible for a portion of the mediation costs and cannot freely conduct discovery until mediation is concluded. ECF No. 1. But even if the District Court were to ultimately grant Rosen's appeal, a stay of mediation and appeal of the Mediation Order would, by necessity, extend the Bankruptcy Court's abatement period well past the scheduled end date of January 22, 2014, if mediation were to occur as planned. In addition, Rosen has provided no evidence to suggest that the portion of the mediation costs that he will bear will be unduly burdensome or, for that matter, greater than the fees and costs associated with the instant Motion and associated appeal. Accordingly, Rosen's appeal would fail on the merits even if this Court had jurisdiction, and the Motion to Stay should be denied.

Therefore, Rosen's Expedited Motion for Stay of Mediation and Abatement of Proceedings Pending Appeal of Court's Order Granting Trustee/Appellee's Request for Mediation [ECF No. 1] is **DENIED.** The Clerk is directed to **CLOSE** this matter.

**DONE and ORDERED** in Fort Lauderdale, Florida, this 14th day of January 2014.

ROBIN S. ROSENBAUM

UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of record