UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Fort Lauderdale Division

CIV. ACTION NO.: 0:14-mc-60083-RSR
Honorable Robin S. Rosenbaum

SAMUEL D. ROSEN,

    Appellant,

                           L.T. Case No.: 13-14289- LMI
v.                            Honorable Lauren M. Isicoff

JOEL L. TABAS, Successor Trustee,

    Appellee.

_____/

## MOTION TO ALTER, AMEND OR VACATE COURT'S ORDER DENYING EXPEDITED MOTION FOR STAY OF MEDIATION [D.E. 3], WITH INCORPORATED MEMORANDUM OF LAW

APPELLANT/CREDITOR, SAMUEL D. ROSEN ("Rosen"), by and through undersigned counsel, moves this Court to alter, amend or vacate its Order entered on January 15, 2014, and in support therefor states as follows:

1.    This Court entered an Order Denying Appellant's Expedited Motion for Stay of Mediation on January 15, 2014 [D.E. 3].

2.    It is apparent from the Order [D.E. 3], that the Court has misapprehended four (4) fundamental matters:

    a.    Rosen *has paid* the required filing fee for this appeal of the Mediation Order.

    b.    Rosen *has paid* the required filing fee in *all* of his notices of appeal from the underlying bankruptcy case. These statements by the Court should be corrected, or the Order should be vacated.

    c.    Rosen's Notice of Appeal may serve as a Motion for Leave to Appeal. *See*, *In re Laurent*, 149 F. App'x 833, 835-36 (11th Cir. 2005). Because the issues herein are significant, and the appeal was timely filed with fees paid, Rosen requests that the Court grant leave to appeal, or direct that a motion for leave be filed below.

    d.    The issues on appeal have been misapprehended. The critical issues are whether the lower Court could refuse to hear the Motion to Disqualify Trustee, and send the parties to mediate with the same Trustee, [D.E. 1, p. 4] and whether the lower court has some inherent right to not only order mediation but to also independently select the mediator without following the selection process in Local Rule 9019-2.

3.    The statements by the Court about Rosen are not accurate and cast him in an inappropriate light. Such inaccurate statements are properly corrected. The Court does have jurisdiction to take action in this matter and Rosen urges the Court to do so because there are significant issues to consider on this appeal. Rosen had a Motion to Disqualify the Trustee pending. *See*, [D.E 180]. Additionally, Rosen had a Motion to Dismiss the bankruptcy pending as it is brought in bad faith. See [D.E. 94], supplemented by [D.E. 130] and [D.E. 591]. Rosen had requested hearing dates on these matters and the Bankruptcy Court refused to hear them, or even schedule the proceedings for hearing and allow discovery.

4.    The procedures herein failed to follow Local Rule 9019-2. Even if the Bankruptcy Court is permitted to set aside 9019-2 pursuant to Local Rule 1001, under those circumstances, there appears to be no rule allowing mediation. *See Sargeant Farms, Inc.,* 224 B.R. 842, 848 (Bankr. M.D. Fla. 1998). Additionally, the Bankruptcy Court inappropriately dictated to the Parties who the mediator would be. This again, fails to follow the Local Rule.

5. The mediation in this matter did, in fact, go forward and Mr. Rosen appeared and attended in good faith. This moots the urgency of this appeal, and the expedited Motion for Stay, but does not change the importance of this appeal, on the merits. First, it is important that the Court correct the record regarding inaccurate statements about Mr. Rosen's payment for appeals, which have now been inaccurately attached to a pending motion in the case below. *See* [D.E 711] p.11-14 in case 13-14289-LMI. Second, the interplay of Rule 9019-2 and Rule 1001, together with the authority in *Sargeant*, is properly clarified by this Court. Under the circumstances of *this* case, where a Motion to Disqualify the Trustee was pending and a Motion to Dismiss the bankruptcy as in bad faith was pending, it was not appropriate for the Bankruptcy Court to stay all proceedings and require the parties to attend mediation before a mediator chosen by the Court.

**WHEREFORE**, Appellant respectfully requests this Honorable Court alter, amend, or vacate its Order Denying Expedited Motion for Stay of Mediation, and allow this appeal to proceed on its merits.

## MEMORANDUM OF LAW

6. Pursuant to Fed. R. Bankr. P. 9023 and 9024, the Court has authority to alter or amend an order on such terms as are just.

7. The Court in *Meadows v. Cohen*, 409 F.2d 750, stated: "[i]t is the view of this Court that under the present rule, a court is authorized under subsection (1) to correct a substantive 'mistake' of its own, if motion is made within a reasonable time, which would clearly encompass a time not exceeding the time allowed for appeal." *See McDowell v. Celebrezze*, 310 F.2d 43 (5th Cir. 1962).

8.   The Court's comments about Rosen not paying filing fee are mistaken, and damaging to Rosen as demonstrated by the Trustee's use of this order in another Motion. [D.E 711]

9.   While the exigency of the Appeal is mooted, the importance of the issues on the appeal remains. Therefore the Appeal should not be dismissed, it should proceed on the merits.

10.   This court may properly treat Rosen's Notice of Appeal as a Motion for Leave to Appeal. *See,* re , 149 ("Even if a motion for leave to appeal is not filed, but a notice of appeal is timely filed, *"the district court* . . . may grant leave to appeal or direct that a motion for leave to appeal be filed . . . ." Fed. R. Bankr. P. 8003(c) (emphasis added)).

11.   The mediation of bankruptcy claims is founded upon rules of Court, as authorized by Congress. *Sargeant Farms, Inc.,* 224 B.R. 842, 845 (Bankr. N.D. Fla. 1998) citing 28 USC § 471-482. The *Sargeant Farms* Court concluded that the Bankruptcy Court has the **authority and power to promulgate rules** associated with Court-annexed mediation and, where necessary, to require the parties to participate in same. *Id.* at 847. Local Rule 9019-2 implements Mediation procedures here in the Southern District.

Rule 9019-2(A)(1) requires as follows:

> The court shall use the Local Form "Order of Referral to Medication", which shall: (a) designate the trial of hearing date, (b) direct that mediation be conducted not later than 14 days before the scheduled trial or hearing, and (c) require the parties to agree upon a mediator within seven days after the date of the order…Notwithstanding the assignment of a matter or proceeding to mediation, the court shall set such matter or proceeding for trail, final hearing, pretrial conference or other proceeding as is appropriate in accordance with the Bankruptcy Rule and these rules.

The Court did none of these in this case. The rules of 9019-2(B) were likewise disregarded. There were Motions to Disqualify the Trustee, and to Dismiss the Bankruptcy as being in good faith, pending. The critical question is whether the Court can refuse to hear the Motion to

Disqualify the Trustee by sending the parties to mediate with him. None of Mr. Rosen's objections, motions or other matters were scheduled for hearing or trial. Discovery was and is stayed. Depositions Mr. Rosen has sought to take were cancelled. Local Rule 1001-1(E) may allow the Court to suspend certain rules, but it leaves nothing in its place. As the power to order Mediation is the Statutory, it is therefore not "inherent." The issues herein are significant. This Appeal was timely filed and filing fees were paid. In the interests of justice, Rosen requested that the Court grant leave to appeal. Alternatively, Rosen requested that the Court direct that a Motion for Leave to appeal be filed below.

12.     For the reasons set forth herein, and in the Motion to Stay, the Order should be altered or amended to accurately set forth these facts and circumstances, or vacated with directions for further proceedings.

*[Space intentionally left blank]*

CIV. ACTION NO.: 0:14-mc-60083-RSR

**WHEREFORE**, Appellant respectfully requests this Honorable Court alter, amend, or vacate its Order Denying Expedited Motion for Stay of Mediation, and allow this appeal to proceed on its merits.

Dated January 29, 2014

        Respectfully submitted,

By:   /s/ Douglas C. Broeker
        **Douglas C. Broeker, Esquire**
        Florida Bar No. 306738
        **SWEETAPPLE, BROEKER &VARKAS, P.L.**
        44 W. Flagler Street, Suite 1500
        Miami, Florida 33130
        Tel.: (305) 374-5623
        Fax: (305) 358-1023
        Doug@broekerlaw.com
        DocService@broekerlaw.com

CIV. ACTION NO.: 0:14-mc-60083-RSR

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed via electronic filing using the CM/ECF system with the Clerk of the Court which sent e-mail notification of such filing to all CM/ECF participants in this case and via Regular U.S. Mail and e-mail to all parties who are not on the list to receive e-mail notification/service for this case on this 29th day of January 2014.

*I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-I (A).*

By:   /s/ Douglas C. Broeker
**Douglas C. Broeker, Esquire**
Florida Bar No. 306738

CIV. ACTION NO.: 0:14-mc-60083-RSR

## SERVICE LIST

gfreedman@tabasfreedman.com
USTPRegion21.MM.ECF@usdoj.gov
Damaris.D.Rosich-Schwartz@usdoj.gov
jhilliard@tabasfreedman.com
jtabas@tabasfreedman.com
administration@easleyappellate.com