UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-60083-MC-ROSENBAUM

SAMUEL D. ROSEN,

    Appellant,

vs.

JOEL L. TABAS, Successor Trustee,

    Appellee.

_____/

**ORDER DENYING MOTION TO ALTER, AND
DENYING AS MOOT MOTION TO DISMISS**

This matter is before the Court upon Appellant Samuel D. Rosen's Motion to Alter, Amend or Vacate Court's Order Denying Expedited Motion for Stay of Mediation [ECF No. 4] and Appellee Joel L. Tabas's Motion to Dismiss Appeal-Related Proceeding [ECF No. 21]. On January 13, 2014, Rosen filed his Expedited Motion for Stay of Mediation and Abatement of Proceedings Pending Appeal of Court's Order Granting Trustee/Appellee's Request for Mediation [ECF No. 1], which sought a stay of the mediation ordered by the Bankruptcy Court pending Rosen's appeal of the Bankruptcy Court's Order Granting Trustee's Request for Mediation. *See In re The Fort Lauderdale Bridge Club, Inc.*, No. 13-14289, ECF No. 574 (Bankr. S.D. Fla. Dec. 12, 2013). The Honorable Laurel Myerson Isicoff's Order required the approximately thirty interested parties to the bankruptcy proceedings to attend mediation. *Fort Lauderdale Bridge Club*, No. 13-14289, ECF No. 574 (Bankr. S.D. Fla. Dec. 12, 2013).

This Court denied Rosen's Expedited Motion for Stay on January 14, 2014, *see* ECF No. 3,

and the mediation occurred as scheduled, with Rosen in attendance. *See* ECF No. 4 at 3, ¶ 5. Rosen nevertheless filed the instant Motion to Alter the Court's Order that denied him a stay of the mediation proceedings that have already taken place. ECF No. 4. Rosen's stated purpose in his Motion to Alter is to clarify points that he claims the Court misapprehended in its January 14, 2014, Order. *Id.* at 1-2, ¶ 2.

Rosen seeks to clarify, for example, that he has paid the required filing fees in all of the appeals that he has taken from the underlying Bankruptcy Case, including the appeal of the Mediation Order for which he requested the stay. *Id.* Though Rosen did not file the required appeal fee at the time of filing the notice of his appeal of the Mediation Order on December 15, 2013, *see Fort Lauderdale Bridge Club*, No. 13-14289, ECF Nos. 594; 596; 597; 602 (Bankr. S.D. Fla.), the record of the Bankruptcy Court does indicate that the required fee was paid on December 18, 2013. The Court therefore corrects the statement it previously made that Rosen had not yet filed the required fee for his appeal of the Mediation Order at the time of seeking a stay of the Mediation Order. But because the Court also denied the stay on other, independent grounds, the correction of this fact does not warrant vacatur of the Court's Order.

In addition, the Court's Order denying the stay noted that, were the issue of the Court's jurisdiction over the appeal itself before the Court, the Court would likely not have jurisdiction to consider the appeal because Rosen had not moved for leave to appeal the non-final Mediation Order. ECF No. 3 at 2. Rosen's instant Motion to Alter cites *In re Laurent*, 149 F. App'x 833 (11th Cir. 2005) for the notion that, even if an appellant does not first file a required motion for leave to appeal, a district court may nevertheless, in its discretion, grant leave to appeal upon the timely filing of a notice of appeal. *Id.* at 835-36 (quoting Fed. R. Bankr. P. 8003(c)). But the issue of whether the

Court has jurisdiction over Rosen's appeal is properly before the Court upon the notice of appeal itself, not in the instant matter, which concerns a stay of mediation only.[1] The Court therefore does not opine on the issue of the Court's jurisdiction over the appeal on this Motion to Alter the Order denying stay.

Finally, Rosen seeks reconsideration of his contention that the Bankruptcy Court did not follow Local Rule 9019-2, S.D. Fla. Rosen's apparent objection to the Mediation Order is the fact that the Bankruptcy Court ordered mediation with the Trustee against whom Rosen had a pending Motion to Disqualify. ECF No. 4 at 4-5, ¶ 11. But this Court's Order on the Motion to Stay did not directly rule on the merits of Rosen's claims. Instead, the Order analyzed the likelihood of success on those claims for the purpose of determining whether a stay was warranted. *See United States v. Hamilton*, 963 F.2d 322, 323 (11th Cir. 1992) (quoting *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986)) (granting of stay of a lower court's mandate "is an exceptional response granted only on a showing of a probable likelihood of success on the merits on appeal, or upon a lesser showing of a substantial case on the merits when the balance of the equities weighs heavily in favor of granting the stay." (internal quotation marks omitted)).

Rosen points to no case law that would alter this Court's previous determination about the likelihood of his success on the merits. Though Rosen cites *Matter of Sargeant Farms, Inc.*, 224 B.R. 842 (Bankr. M.D. Fla. 1998), that case found it "quite apparent [that] the bankruptcy court has the authority and power to promulgate rules associated with court-annexed mediation and, where necessary, to require the parties to participate in same." *Id.* at 847 (citing Burr, *Building Reform*

---

[1] Appellee Tabas's Response to the Motion to Alter similarly refers to the Motion to Stay as an appeal of the Mediation Order, which it is not. *See* ECF No. 12 at 2, 6, ¶ 6.

*From the Bottom Up: Formulating Local Rules for Bankruptcy Court-Annexed Mediation*, 12 Ohio St. J. on Disp. Res. 311 (1997)). If anything, *Sargeant Farms* contradicts Rosen's contention that the Bankruptcy Court was without power to order mediation. Rosen's Motion to Alter is therefore denied.

In addition, Appellee Tabas filed a Motion to Dismiss on March 19, 2014. ECF No. 21. But this matter was already closed on January 14, 2014, upon the denial of the Motion for Stay. *See* ECF No. 3. Tabas's Motion to Dismiss is identical in content to a motion to dismiss that Tabas filed the same day in the appeal of the Mediation Order itself. *See Rosen v. Tabas*, No. 14-20437, ECF No. 19 (S.D. Fla. Mar. 19, 2014). In the instant matter, however, the Court has denied the stay, ruled in favor of Tabas, and closed the case. It is therefore unclear what, exactly, Tabas now seeks for the Court to dismiss. Tabas's Motion to Dismiss is therefore denied as moot.

Accordingly, it is **ORDERED and ADJUDGED** that Appellant Samuel D. Rosen's Motion to Alter, Amend or Vacate Court's Order Denying Expedited Motion for Stay of Mediation [ECF No. 4] is **DENIED,** and Appellee Joel L. Tabas's Motion to Dismiss Appeal-Related Proceeding [ECF No. 21] is **DENIED AS MOOT.**

**DONE and ORDERED** in Fort Lauderdale, Florida, this 26th day of March 2014.

ROBIN S. ROSENBAUM  
UNITED STATES DISTRICT JUDGE

Copies furnished to:  
Counsel of record